**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MANUEL MATEO,**

                            **Plaintiff,**　　　　　　　　　**MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER**

                     -against-　　　　　　　　　　　　　　**12-CV-1101 (NG)**

**TAR CATERING CORP.,**

                            **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       The Court is in receipt of a letter dated October 24, 2012, from plaintiff's counsel, requesting a sixty-day extension of the October 31st discovery deadline, and complaining of defendant's failure to supplement its discovery responses, despite defendant's representation to the Court, on September 10, 2012, that it would "supplement and/or cure" most of the deficiencies identified in plaintiff's letter-motion dated September 4, 2012.  See Motion for Extension of Time (Oct. 24, 2012) ("Pl. 10/24/12 Motion"), Electronic Case Filing Docket Entry ("DE") #22; Response in Opposition to Motion to Compel (Sept. 10, 2012) ("Def. 9/10/12 Opp.") at 1, DE #20; see also Motion to Compel (Sept. 4, 2012) ("Pl. 9/4/12 Motion"), DE #18; Motion to Compel (Sept. 21, 2012), DE #21.

       Plaintiff's request for an extension of time, DE #22, is granted, on consent.  Fact discovery is extended to December 31, 2012.  The November 8th settlement conference is adjourned to January 8, 2013, at 2:00 p.m.

       Plaintiff's two motions to compel, DE #18 and #21, are granted in part and denied in part.  It has been nearly two months since defendant promised to supplement its discovery

responses. Enough is enough. On pain of sanctions, defendant is directed, by November 8, 2012, to supplement and cure the identified deficiencies in defendant's responses to Interrogatories, #2, #3, #4, and #16, and to Document Request #1, and to verify all of defendant's interrogatory responses.

The only remaining disputes concern plaintiff's Interrogatory #8, which demands that defendant identify and provide contact information for all of its employees for the six-year period from March 1, 2006 to November 1, 2011; and plaintiff's Interrogatory #13 and Document Requests #10 and #11, which demand that plaintiff identify and provide records relating to all of defendant's customers during that same six-year period.

Both of these disputes were the subject of a telephone conference and court ruling on July 17, 2012. See Minute Order (July 17, 2012), DE #15. In rejecting plaintiff's attempt to secure the names of and contact information for defendant's employees, the Court concluded that plaintiff "ha[d] not made a sufficient factual and legal showing" to entitle him to that information. See id. at 1. Plaintiff's renewed showing is likewise insufficient. As a preliminary matter, this action was brought by plaintiff in his individual capacity; as he does not purport to bring a collective action, or a class action pursuant to Fed. R. Civ. P. 23, the requested names and contact information are not needed to facilitate notice to members of the class or collective action. Cf. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). This Court has broad discretion in deciding whether to order such disclosures for other purposes, and courts within this District tend to disfavor such requests. See Charles v. Nationwide Mut. Ins. Co., No. 09 CV 94 (ARR), 2010 WL 7132173, at *4-5 (E.D.N.Y. May 27, 2010) (collecting cases).

Plaintiff has not made a sufficient showing to warrant a modification of the Court's ruling of July 17, 2012.  Plaintiff cites two factual bases for his renewed request: (1) plaintiff's belief that his "former co-workers will confirm that [d]efendant did in fact keep track of hours by way of sign-in sheets"; and (2) plaintiff's contention that "he and his co-workers on the wait staff regularly heard [d]efendant's sales staff advising potential customers that gratuities were included in their invoice."  Pl. 9/4/12 Motion at 2.  Plaintiff's first rationale may be swiftly rejected, inasmuch as defendant concedes that it maintained sign-in sheets.  See Def. 9/10/12 Opp. at 2.[1]

As for plaintiff's claim that defendant's sales staff was overheard telling customers that gratuities were included, plaintiff fails to identify a single sales employee who made such a statement -- or a single member of the wait staff who overheard such a statement.  Plaintiff's demand for the names of and contact information for all employees, whatever their job classification, is plainly overbroad.

Similarly overbroad is plaintiff's demand for information concerning all of defendant's customers during the same six-year period.  This information was also the subject of the July 17th conference and ruling.  In allowing plaintiff to subpoena five of defendant's customers, the Court balanced the alleged relevance of the information sought against the potential disruption to the relationship between defendant and its customers.  The Court concluded that plaintiff was entitled to information from the five customers that he had identified, as they were repeat

---

[1] Although plaintiff complains that defendant has not produced plaintiff's sign-in sheets, see Pl. 10/24/12 Motion, plaintiff ignores defendant's explanation that the sign-in sheets "were destroyed by a flood that accompanied Hurricane Irene in August 2011."  Def. 9/10/12 Opp. at 2.  To the extent that plaintiff is not satisfied with this explanation, plaintiff may pursue discovery regarding the alleged destruction of documents.

customers to whom plaintiff had been assigned.  Plaintiff fails to explain why the subpoenaed information was insufficient.  His demand for information relating to all customers is patently overbroad.

For the foregoing reasons, the Court grants plaintiff's request for a sixty-day extension of the discovery deadline (DE #22), and grants plaintiff's motions to compel (DE #18 and #21), except as to Interrogatories #8 and #13 and Document Requests #10 and #11, as to which the motion to compel is denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**November 1, 2012**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**